RENDERED: FEBRUARY 7, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0347-ME

A.F.                                                                                    APPELLANT


APPEAL FROM HARDIN FAMILY COURT
v.       HONORABLE DAWN LONNEMAN BLAIR, JUDGE
ACTION NO. 23-AD-00133


A.M.H.; COMMONWEALTH OF
KENTUCKY; AND J.A.K.H., A
CHILD                                                                                    APPELLEES

AND

NO. 2024-CA-0349-ME

A.F.                                                                                    APPELLANT


APPEAL FROM HARDIN FAMILY COURT
v.       HONORABLE DAWN LONNEMAN BLAIR, JUDGE
ACTION NO. 23-AD-00134


COMMONWEALTH OF KENTUCKY;
K.L.Y., A CHILD; AND T.-J.K.Y.                                        APPELLEES

** ** ** ** **

BEFORE: ACREE, L. JONES, AND McNEILL, JUDGES.

McNEILL, JUDGE: A.F. (Mother), appeals from two separate orders and judgments of the Hardin Circuit Court, family division, terminating parental rights to her children, J.A.K.H. and K.L.Y. (collectively "Children"). These cases have been consolidated. In accordance with *A.C. v. Cabinet for Health and Family Services*, 362 S.W.3d 361 (Ky. App. 2012), Mother's counsel filed an *Anders*[1] brief stating that there are no meritorious grounds for appeal, accompanied by a motion to withdraw as counsel. We grant counsel's motion to withdraw by separate order. Mother has not filed a supplemental *pro se* brief. When an *Anders* brief is filed, this Court must "independently review the record and ascertain whether the appeal is, in fact, void of nonfrivolous grounds for reversal." *A.C.*, 362 S.W.3d at 372.

## BACKGROUND

J.A.K.H. was born January 21, 2015. K.L.Y. was born December 3, 2021. The Cabinet for Health and Family Services (Cabinet) became involved after K.L.Y. tested positive at birth for methamphetamine, amphetamine, and

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

-2-

Adderall. The Cabinet successfully sought removal of the Children from Mother's custody. Mother stipulated to a finding of abuse or neglect. The Cabinet subsequently filed a petition for termination of parental rights, which was granted. Children have different fathers, neither of whom contest the termination of their parental rights in this appeal. For the following reasons, we affirm.

## STANDARD OF REVIEW

We begin by emphasizing that a "trial court has wide discretion in terminating parental rights." *Cabinet for Health and Family Services v. K.H.*, 423 S.W.3d 204, 211 (Ky. 2014). Accordingly, "our review is limited to a clearly erroneous standard which focuses on whether the family court's order of termination was based on clear and convincing evidence." *Id.* (citing CR[2] 52.01). "Clear and convincing proof does not necessarily mean uncontradicted proof. It is sufficient if there is proof of a probative and substantial nature carrying the weight of evidence sufficient to convince ordinarily prudent minded people." *M.S.S. v. J.E.B.*, 638 S.W.3d 354, 360 (Ky. 2022) (citation omitted). "Pursuant to this standard, an appellate court is obligated to give a great deal of deference to the family court's findings and should not interfere with those findings unless the record is devoid of substantial evidence to support them." *Cabinet for Health and Family Services v. T.N.H.*, 302 S.W.3d 658, 663 (Ky. 2010). "Because termination

---

[2] Kentucky Rules of Civil Procedure.

decisions are so factually sensitive, appellate courts are generally loathe [sic] to reverse them, regardless of the outcome." *D.G.R. v. Commonwealth, Cabinet for Health and Family Services*, 364 S.W.3d 106, 113 (Ky. 2012).

## ANALYSIS

KRS[3] 625.090 governs the termination of parental rights in Kentucky. Before terminating parental rights, a court must find by clear and convincing evidence the following: (1) the child is or has been adjudged abused or neglected as defined in KRS 600.020; (2) termination is in the child's best interest; and (3) at least one of the conditions in KRS 625.090(2)(a)-(k) exists. Here, it is undisputed that Children were abused and neglected. The family court determined that termination of parental rights was in Children's best interest in consideration of KRS 625.090(3)(a) through (f), specifically finding in the affirmative regarding each factor. Lastly, the family court made affirmative findings in accordance with KRS 625.090(2):

> (e) That the parent, for a period of not less than six (6) months, has continuously or repeatedly failed or refused to provide or has been substantially incapable of providing essential parental care and protection for the child and that there is no reasonable expectation of improvement in parental care and protection, considering the age of the child; [and]
>
>  . . .

---

[3] Kentucky Revised Statutes.

-4-

(g) That the parent, for reasons other than poverty alone, has continuously or repeatedly failed to provide or is incapable of providing essential food, clothing, shelter, medical care, or education reasonably necessary and available for the child's well-being and that there is no reasonable expectation of significant improvement in the parent's conduct in the immediately foreseeable future, considering the age of the child[;]

. . .

(j) That the child has been in foster care under the responsibility of the cabinet for fifteen (15) cumulative months out of forty-eight (48) months preceding the filing of the petition to terminate parental rights[.]

Cabinet case worker Brittany Boling testified extensively to the Cabinet's involvement with the Children and Mother's repeated failure to work toward completing her case plan. The family court specifically found: 1) Mother was not current with her child support obligations; 2) she has continued to engage in illegal drug use; 3) she received five criminal charges and had been incarcerated during the pendency of these cases; and 4) K.L.Y. has multiple health complications requiring extensive medical treatment and has been in foster care since he was released from the hospital.

The record indicates that Mother failed to complete her Cabinet case plan tasks or otherwise engage in activities to achieve rehabilitation or reunification. *P.S. v. Cabinet for Health & Fam. Servs.*, 596 S.W.3d 110, 116 (Ky. App. 2020) ("[A]ctions and failure to comply with the [c]ase [p]lan are substantial

enough, standing alone, to support a finding under each element of KRS 625.090, regardless of the underlying Juvenile Case."). Having independently reviewed the record, we find no error in the family court's termination of parental rights.

## **CONCLUSION**

Based on the foregoing, we AFFIRM the Hardin Family Court's orders and judgments terminating Fathers' and Mother's parental rights.

ALL CONCUR.

BRIEF FOR APPELLANT:

Chris C. Hoge
Elizabethtown, Kentucky

BRIEF FOR APPELLEE CABINET
FOR HEALTH AND FAMILY
SERVICES:

Leslie M. Laupp
Covington, Kentucky